**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**REGINALD G. ALLEN,**

**Plaintiff,**

**v.** **Case No:**

**OPPORTUNITY FINANCIAL, LLC**,

**Defendant.** **<u>DEMAND FOR JURY TRIAL</u>**
**_________________________________/**

**<u>PLAINTIFF'S COMPLAINT</u>**
**<u>WITH INJUNCTIVE RELIEF SOUGHT</u>**

**COMES NOW**, Plaintiff, **REGINALD G. ALLEN** ("Mr. Allen" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, OPPORTUNITY FINANCIAL, LLC** ("Defendant"), and in support thereof states as follows:

***<u>Introduction</u>***

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or an artificial voice or prerecorded message to call Mr. Allen's Cellular Telephone after Mr. Allen expressly revoked consent for Defendant to place calls to his Cellular Telephone, and by continuing

to place calls to Mr. Allen's Cellular Telephone despite his request that all calls cease because he had retained a debt management company to communicate with Defendant on his behalf, which can reasonably be expected to harass Mr. Allen.

***Jurisdiction and Venue***

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

***Parties***

5. Plaintiff, Mr. Allen, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Mr. Allen is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-4726 ("Mr. Allen's Cellular Telephone").

7. At all times material hereto, Defendant was and is a limited liability company with its principle place of business in the State of Illinois and its registered agent, COGENCY GLOBAL, INC., located at 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301.

***Statements of Fact***

8. In or around April of 2018, Mr. Allen took out a personal loan from Defendant, which Defendant assigned a unique account number ending in 8848 ("Account").

9. Shortly thereafter, Mr. Allen fell behind on his payments to Defendant and incurred an outstanding balance owed on the Account ("Debt").

10. Mr. Allen retained a debt management company to help him get caught up with some of his creditors, including Defendant.

11. In early May of 2018, Defendant began placing calls to Mr. Allen's Cellular Telephone in attempts to collect the Debt.

12. At the same time. Defendant also began placing calls to Mr. Allen's home telephone number, 813-***-7278 ("Home Telephone"), in attempts to collect the Debt.

13. Mr. Allen spoke with one of Defendant's representatives and told Defendant that he had enrolled with a debt management company and that all calls regarding the Account or the Debt needed to be directed to the debt management company.

14. Mr. Allen requested that Defendant stop calling his Cellular Telephone and Home Telephone.

15. Mr. Allen's debt management company also spoke with one of Defendant's representatives and requested that all calls regarding the Account or the Debt be directed to the debt management company and not Mr. Allen's Cellular Telephone or Home Telephone.

16. Despite Mr. Allen's repeated demands, Defendant continues to place calls to Mr. Allen's Cellular Telephone in attempts to collect the Debt.

17. Defendant also continues to place calls to Mr. Allen's Home Telephone in attempts to collect the Debt.

18. Defendant has called Mr. Allen's Cellular Telephone up to four (4) times per day and has called Mr. Allen's Home Telephone up to ten (10) times per day.

19. Defendant has called Mr. Allen's Cellular Telephone at least fifty (50) times times during the time period between mid-May 2018 and July of 2018.

20. Defendant has called Mr. Allen's Home Telephone at least one hundred (100) times during the time period between mid-May 2018 and July of 2018.

21. Often, Defendant's relentless calls to Mr. Allen are placed less than one minute apart.

22. Defendant called Mr. Allen's Cellular Telephone from telephone number (855) 408-5000.

23. Defendant called Mr. Allen's Home Telephone from telephone number (855) 408-5000.

24. All of Defendant's calls to Mr. Allen's Cellular Telephone were placed in an attempt to collect the Debt.

25. All of Defendant's calls to Mr. Allen's Home Telephone were placed in an attempt to collect the Debt.

26. Mr. Allen has been harassed due to the frequency and content of each of Defendant's calls to his Cellular Telephone and his Home Telephone.

***Count 1: Violation of the Telephone Consumer Protection Act***

27. Mr. Allen re-alleges paragraphs 1-26 and incorporates the same herein by reference.

28. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

29. Mr. Allen revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around May of 2018 when he told Defendant that all calls needed to be directed to the debt management company and requested that call calls to his Cellular Telephone cease.

30. Despite this revocation of consent, Defendant thereafter called Mr. Allen's Cellular Telephone at least fifty (50) times.

31. Defendant did not place any emergency calls to Mr. Allen's Cellular Telephone.

32. Defendant willfully and knowingly placed non-emergency calls to Mr. Allen's Cellular Telephone.

33. Mr. Allen knew that Defendant called Mr. Allen's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few

calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

34. Mr. Allen knew that Defendant called Mr. Allen's Cellular Telephone using a prerecorded voice because Defendant left Mr. Allen at least one voicemail using a prerecorded voice.

35. Defendant used an ATDS when it placed at least one call to Mr. Allen's Cellular Telephone.

36. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Allen's Cellular Telephone.

37. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Allen's Cellular Telephone.

38. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Allen's Cellular Telephone.

39. At least one call that Defendant placed to Mr. Allen's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

40. At least one call that Defendant placed to Mr. Allen's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

41. At least one call that Defendant placed to Mr. Allen's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

42. At least one call that Defendant placed to Mr. Allen's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

43. At least one call that Defendant placed to Mr. Allen's Cellular Telephone was made using a prerecorded voice.

44. Defendant has recorded at least one conversation with Mr. Allen.

45. Defendant has recorded more than one conversation with Mr. Allen.

46. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Allen, for its financial gain.

47. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Allen's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

48. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Allen, despite individuals like Mr. Allen revoking any consent that Defendant believes it may have to place such calls.

49. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Allen's Cellular Telephone.

50. Defendant has corporate policies to abuse and harass consumers like Mr. Allen despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

51. Defendant's phone calls harmed Mr. Allen by trespassing upon and interfering with Mr. Allen's rights and interests in his Cellular Telephone line.

52. Defendant's phone calls harmed Mr. Allen by wasting his time.

53. Defendant's phone calls harmed Mr. Allen by being a nuisance and causing him aggravation.

54. Defendant's phone calls harmed Mr. Allen by causing a risk of personal injury to Mr. Allen due to interruption and distraction.

55. Defendant's phone calls harmed Mr. Allen by invading his privacy.

56. Defendant's phone calls harmed Mr. Allen by causing him embarrassment.

57. Defendant's phone calls harmed Mr. Allen by causing him extreme emotional distress.

58. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems equitable.

***<u>Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")</u>***

59. Mr. Allen re-alleges paragraphs 1-26 and incorporates the same herein by reference.

60. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Allen's Cellular Telephone and Home Telephone despite Mr. Allen's and the debt management company's demands that Defendant's calls cease, which can reasonably be expected to harass Mr. Allen.

b. Defendant also violated Fla. Stat. § 559.72(7) by calling Mr. Allen repeatedly, up to fifteen (15) times per day, and often placing calls less than one minute apart, which can reasonably be expected to harass Mr. Allen.

61. As a result of the above violations of the FCCPA, Mr. Allen has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

62. Defendant's phone calls harmed Mr. Allen by being a nuisance and causing him aggravation.

63. Defendant's phone calls harmed Mr. Allen by causing a risk of personal injury to Mr. Allen due to interruption and distraction.

64. Defendant's phone calls harmed Mr. Allen by invading his privacy.

65. Defendant's phone calls harmed Mr. Allen by causing him embarrassment.

66. Defendant's phone calls harmed Mr. Allen by causing him extreme emotional distress.

67. All conditions precedent to this action have occurred.

68. It has been necessary for Mr. Allen to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

69. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff, Reginald G. Allen, demands a trial by jury on all issues so triable.

Respectfully submitted this **July 26, 2018**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff